O’Neill, J.,
dissenting.
{¶ 29} Respectfully, I must dissent. There is no possibility that this matter is going to be on the November 2016 ballot, and I would suggest that all parties take a step back, take a deep breath, and consider the chaos that is about to ensue.
{¶ 30} Article II, Section lb of the Ohio Constitution describes a two-step initiative process by which citizens may propose the passage of a new statute. The process begins with the circulation of a petition asking the General Assembly to enact the proposed statute. Article II, Section lb of the Ohio Constitution mandates that such a petition be submitted to the secretary of state and, along with verified signatures, be forwarded to the General Assembly not less than ten days before the commencement of a legislative session.
{¶ 31} The petitions in this case, properly verified by the secretary of state, were transmitted to the General Assembly a full month after the session began. It appears that all parties involved are willing, at this point, to ignore the failure to meet this small constitutional requirement. I am not.
*49 Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, Nelson M. Reid, and James P. Schuck, for relators.
McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, and Derek S. Clinger, for respondents William S. Booth, Daniel L. Darland, Tracy L. Jones, and Latonya D. Thurman.
Michael DeWine, Attorney General, Steven T. Voigt, Senior Assistant Attorney General, and Brodi J. Conover, Assistant Attorney General, for respondent Ohio Secretary of State Jon Husted.
{¶ 32} It is elementary constitutional law that a lack of jurisdiction can be raised at any time, even after judgment. It would do a fundamental disservice to the voters of Ohio to permit this matter to go forward and to cause the expenditure of millions of dollars, only to be dismissed in August or September. I dissent.